**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

LUIS RAY JOHNSON,

        Petitioner,

    v.

KEVIN HIXON,

        Respondent.

No.  2:25-CV-03272-TLN-DMC-P (HC)

FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the court is petitioner's petition for a writ of habeas corpus. See ECF No. 1.

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that petitioner is not entitled to federal habeas relief.  In particular, the exhaustion of available state remedies is required before claims can be presented to the federal court in a habeas corpus case.  See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  See Picard v. Connor, 404 U.S.

1

270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

Upon review of the instant petition, the court concludes that petitioner has not exhausted state court remedies as to any of his claims. The petition indicates that Petitioner did not file any appeals, nor has Petitioner previously filed any petitions, applications, or motions with respect to their conviction in state or federal court. See ECF No. 1, pgs. 2-3.

Based on the foregoing, it is RECOMMENDED that petitioner's petition for a writ of habeas corpus, ECF No. 1, be summarily dismissed, without prejudice, for failure to exhaust state court remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 19, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2